UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARMAN DICKERSON, :
as Personal Representative of the Estate :
of CARTER F. BRADLEY, Deceased :
6606 Georgia Ave. NW, #103 :
Washington, D.C. 20012 :
                             Plaintiff, :
v. :   Case No: _____
HERITAGE CARE, INC. d/b/a :
ST. THOMAS MORE NURSING AND :
REHABILITATION CENTER :
4922 LaSalle Rd. :
Hyattsville, Maryland 20782 :
                           Defendants. :

## COMPLAINT

Carman Dickerson, as Personal Representative of the Estate of Carter F. Bradley, Deceased, by and through her attorney, Brian K. Mc Daniel, Esq. and McDaniel and Associates, P.A., brings this action against the Defendants, Heritage Care, Inc. d/b/a St. Thomas More Nursing and Rehabilitation Center, alleging the following:

### I. JUSRIDICTION

1. The plaintiff, Carman Dickerson, is a resident of the District of Columbia. She has been appointed personal representative of the of the Estate of Carter F. Bradley in the Superior Court of the District of Columbia, Probate Division, Administration No. 06ADM884;

2. The defendant Heritage Care, Inc. d/b/a St. Thomas More Nursing and Rehabilitation Center (hereinafter "Heritage Care, Inc.") is a Maryland Corporation that conducts

business in Hyattsville, Maryland, as St. Thomas More Nursing and Rehabilitation Center (hereinafter "St. Thomas More");

3. Plaintiff believes and therefore alleges that the damages incurred as a result of the defendant's misconduct is in excess of Seventy-Five Thousand Dollars ($75,000.00);

4. Jurisdiction exists due to complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)(1);

## II. FIRST CAUSE OF ACTION

### Negligence

5. Plaintiff hereby reasserts paragraphs 1-4 of this compliant, as though fully set forth here;

6. At all times relevant, the state of Maryland Department of Health and Mental Hygiene granted a license to defendant Heritage Care, Inc. to operate St. Thomas More in Hyattsville, Maryland;

7. At all times relevant defendant Heritage Care, Inc., a corporation with its principal place of business in the State of Maryland, owned and/or operated St. Thomas More, an institution established to provide and engage in providing shelter, food, and general care to sick, aged, or infirm persons;

8. In connection with their ownership and operation of St. Thomas More, Heritage Care, Inc. employed the services of nurses and other health care providers and held them out and warranted them to the public to be competent, careful and experienced in the care and treatment of patients;

9. On November 8, 2004, Carter F. Bradley, who was at that time was seventy-nine (79) years old, was accepted and admitted by Defendant Heritage Care, Inc. as a patient at St.

Thomas More pursuant to a written agreement in which Defendant promised to provide Carter F. Bradley with such care as his condition reasonably required;

10. Following its acceptance of Carter F. Bradley as a patient, Defendant was under a continuing duty both under the common law of Maryland and by the terms of said admission agreement to exercise reasonable care in its treatment of Mr. Bradley in light of his known condition;

11. During the continuous care of the defendant's staff and personnel, Carter F. Bradley developed bed sores that deteriorated in such a way that surgery was not able to prevent Mr. Bradley's premature death;

12. During the period set forth above, Defendant's employees were negligent in the continuous care and treatment rendered to Carter F. Bradley, including, but not limited to St. Thomas More's failure to attain and maintain Carter F. Bradley's well-being, in violation of 42 C.F.R. § 483.25, and applicable Maryland Rule, Regulation or Statute(s);

13. Carter F. Bradley's injuries and subsequent premature death could have and should have been prevented had Defendant's care met minimum acceptable standards;

14. As a direct and proximate cause of the negligent and reckless conduct of Defendant's employees, Carter F. Bradley suffered injuries, from which he ultimately died, and damages alleged herein;

15. That as a direct and proximate result of the negligence and carelessness of the Defendant's employees, Carter F. Bradley incurred expenses for his last illness and sustained pecuniary and non-pecuniary losses and was otherwise damaged;

16. Defendant is responsible for the negligent acts and omissions of its staff, employees and servants under the doctrine of respondeat superior;

### III.  SECOND CAUSE OF ACTION

Survivorship

17. Plaintiff hereby reasserts paragraphs 1-16 of this compliant, as though fully set forth here;

18. Defendant St. Thomas More owed Carter F. Bradley a duty to exercise reasonable care in its treatment of Mr. Bradley;

19. By failing to exercise reasonable care in its treatment of Mr. Bradley, Defendant St. Thomas More breached its duties owed to Mr. Bradley which resulted in Mr. Bradley's injuries and his subsequent death;

20. As the direct and proximate result of St. Thomas More's negligence in failing to exercise reasonable care in his treatment, Mr. Bradley sustained severe conscious pain and suffering between the time of his admittance to St. Thomas More and his subsequent death;

21. Plaintiff is therefore entitled to monetary damages to compensate for Mr. Bradley's pain and suffering;

### III.  EXEMPLARY DAMAGES

22. Plaintiff hereby reasserts paragraphs 1 - 21 of this compliant, as though fully set forth here;

23. Defendant's conduct and the conduct of its employees were in reckless, willful, and wanton disregard of the substantial likelihood that serious harm would and did in fact occur;

24. Plaintiff believes and therefore alleges that punitive damages are appropriate at trial;

25. Plaintiff further pleads res ipsa loquitur.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff Carman Dickerson as Personal Representative of the Estate of Carter F. Bradley hereby demands judgment against Defendant Heritage Care, Inc. d/b/a St. Thomas More Nursing and Rehabilitation Center, jointly and severally, in such amount to be determined at trial; exemplary damages in a sum to be determined at trial; together with interest and cost herein, and for such other relief as the Court deems necessary in the interest of justice.

## V. JURY DEMAND

Plaintiff respectfully demands a jury trial in the aforementioned matter.

Respectfully submitted,

_____
Brian K. McDaniel, Esq.
D.C. Bar # 452807
McDaniel & Associates, P.A.
1211 Connecticut Avenue
Suite 506
Washington, DC 20036
Telephone: (202) 331-0793
Counsel for the Plaintiff

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-177 ESH

## I (a) PLAINTIFFS
Carman Dickerson as Personal Representative of the Estate of Carter F. Bradley, Deceased

## DEFENDANTS
Heritage Care, Inc. d/b/a St. Thomas More Nursing and Rehabilitation Center

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __DC__
(EXCEPT IN U.S. PLAINTIFF CASES)

11001

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __PG, Maryland__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Brian K. McDaniel, Esq., McDaniel and Associates
1211 Connecticut Ave. NW, Suite 506
Washington, DC 20036

CASE NUMBER  1:07CV00177
JUDGE: Ellen Segal Huvelle
DECK TYPE: Personal Injury/Malpractice
DATE STAMP: 01/26/2007

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☒ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☒ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☒ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(1)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Negligence, Survivorship  28 USC 1346

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ more than $75,000   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 1/25/07   SIGNATURE OF ATTORNEY OF RECORD   Brian K. McDaniel

26

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

J:\forms\js-44.wpd