IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARMAN DICKERSON | : | |
|     Plaintiff | : | |
| v. | : | Case No. 1:07CV00177 |
| HERITAGE CARE, INC. | : | |
|     Defendant | : | |

**DEFENDANT'S PRELIMINARY MOTION TO DISMISS**

COMES NOW the Defendant, HERITAGE CARE, INC., by and through its attorneys, D. Elizabeth Walker, John J. Murphy, and Walker & Murphy, LLP and, pursuant to Rule 12 of the Federal Rules of Civil Procedure, files this Preliminary Motion to Dismiss, and in support thereof states as follows:

1.  Plaintiff's Complaint asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), however, as is set forth more fully in the accompanying Memorandum of Points and Authorities, the parties are not diverse.

2.  Absent complete diversity of the parties, this Honorable Court lacks jurisdiction over this litigation.

3.  Not only does this Court lack jurisdiction due to an absence of diversity, but the Plaintiff has failed to comply with the mandatory condition precedent created by Maryland's Health Care Malpractice Claims Act (the "Act") and recently updated by Maryland's Patients' Access to Quality Health Care Act of 2004.

4.  Furthermore, Plaintiff failed to adequately plead a claim for punitive damages.

WHEREFORE, the above-premises considered, it is hereby respectfully requested that this Honorable Court:

1. Grant this Motion to Dismiss; and

2. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

WALKER & MURPHY, LLP

/S/
_____
D. Elizabeth Walker, Esq.
John J. Murphy, Esq. MD14407
1700 Rockville Pike, Suite 400
Rockville, Maryland 20852
(301)998-6598
*Attorneys for Defendant Heritage Care*

## REQUEST FOR HEARING

The Defendant hereby requests a hearing on all issues raise herein.

Respectfully submitted,

WALKER & MURPHY, LLP

/S/
_____
D. Elizabeth Walker, Esq.
John J. Murphy, Esq. MD14407
1700 Rockville Pike, Suite 400
Rockville, Maryland 20852
(301)998-6598
*Attorneys for Defendant Heritage Care*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the above Preliminary Motion to Dismiss was filed electronically pursuant to the rules of this Honorable Court on all parties of record this 16th day of February, 2007

/S/
_____
John J. Murphy
Walker & Murphy, LLP
1700 Rockville Pike, Suite 400
Rockville, Maryland 20852
(301)998-6598
*Attorneys for Defendant Heritage Care*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARMAN DICKERSON | : | |
|     Plaintiff | : | |
| v. | : | Case No. 1:07CV00177 |
| HERITAGE CARE, INC. | : | |
|     Defendant | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S PRELIMINARY MOTION TO DISMISS**

The Defendant, HERITAGE CARE, INC., by and through its attorneys, D. Elizabeth Walker, John J. Murphy, and Walker & Murphy, LLP hereby submits this Memorandum of Points and Authorities In Support of Its Preliminary Motion to Dismiss.

**BACKGROUND**

Plaintiff Carman Dickerson, as the Personal Representative for the Estate of Carter Bradley, has initiated a multi-count Complaint asserting personal injuries on behalf of the decedent. (*See, generally, Complaint*). As the Complaint makes clear, at all times relevant hereto, the decedent was a resident at the Defendant's nursing home facility, located in the State of Maryland. (*See, Id.*). Because the decedent resided in Maryland, and the Defendant is a Maryland corporation doing business in Maryland, and all alleged acts of negligence occurred in Maryland, this case clearly lacks the diversity jurisdiction required to meet the parameters of 28 U.S.C. § 1332(a).

Furthermore, even a cursory review of the Plaintiff's Complaint readily demonstrates that she is asserting claims of medical negligence against health care providers as defined by Maryland Code, Health General Article, § 19-301 (2006). Nowhere in the Plaintiff's Complaint does she indicate compliance with Maryland's Health Care Malpractice Claims Act (the "Act") and the condition precedent specifically imposed by Maryland Code, Courts & Judicial Proceedings Article, § 3-2A-02 (2006). For these reasons, the Plaintiff's Complaint must be dismissed.

Finally, should the Plaintiff somehow be allowed to maintain her pending action in federal court against this Defendant, under the applicable substantive tort law of Maryland, without doubt she has failed to state a claim for punitive damages. Indeed, she has asserted nothing other than bare, conclusory allegations with no facts whatsoever to support the requisite finding for such damages. Accordingly, at minimum, that portion of her Complaint must be dismissed.

## **LEGAL ARGUMENT**

As is set forth more fully *infra*, the applicable statutes and interpretive case law make abundantly clear that a dismissal of the Plaintiff's Complaint is warranted.

**1.**     *Plaintiff's Complaint Fails To Plead Diversity of Citizenship*

28 U.S.C.A. § 1332 provides in relevant part:

**(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

**(1)** citizens of different States;

\*    \*    \*    \*    \*

**(c)** For the purposes of this section and section 1441 of this title--

\*   \*   \*   \*   \*

**(2) the legal representative of the estate of a decedent shall be deemed to be a citizen _only_ of the same State as the decedent.** 28 U.S.C. 1332 (2006) (emphasis added).

Case law from this Circuit instructs that "the party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 792 (D.C.Cir.1983). And, "an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Id.,* at n. 20. "[F]ailing to establish citizenship is not a mere technicality." *Novak v. Capital Mgmt. and Dev. Corp.,* 452 F.3d 902, 906 (D.C. 2006).

In the case at bar, the Plaintiff's Complaint is __*silent*__ as to the decedent's domicile. Specifically, Plaintiffs sole support for diversity jurisdiction is the assertion that the "plaintiff, Carman Dickerson, is a resident of the District of Columbia." (*See, Id.*, ¶ 1). Assuming true, this assertion is irrelevant. As set forth *supra,* 28 U.S.C. 1332(c)(2) and the relevant case law interpreting the statutory requirements of diversity jurisdiction undeniably establish that the test for diversity jurisdiction in the case of an Estate is the domicile of the ***decedent***, not the personal representative. Accordingly, having failed to adequately plead diversity, the Complaint must be dismissed for a lack of jurisdiction.

2.  __*Because The Decedent Resided In Maryland, Therefore, There Can Be No Diversity of Citizenship.*__

For purposes of diversity jurisdiction, a United States citizen is considered a citizen of the state in which he is "domiciled" i.e., in the location where he has established a fixed habitation or

abode with the intent to remain there permanently or indefinitely. *Abbott v. United Venture Capital, Inc.*, 718 F.Supp. 823. (D.Nev. 1988). *See, also, Guerrero v. Katzen*, 571 F.Supp. 714 (D.C. 1983) (recognizing that for purposes of diversity, an individual's citizenship is equivalent to his domicile). Undeniably, the place of residence alone is not the equivalent of citizenship for the purpose of diversity jurisdiction. *Stine v. Moore¸* 213 F.2d 446 (5th Cir. 1954). It is, however, *prima facia* evidence of domicile or citizenship. *Id.* Indeed, as observed by this Court, "under well-settled law, a person's residence is assumed to be his domicile for purposes of determining diversity jurisdiction." *Williams v. Washington Post Co.* 1990 WL 95632 (D.D.C. 1990) (citing *Anderson v. Watt*, 138 U.D. 694 (1891).

As pled in the Plaintiff's own Complaint, the decedent moved into the Defendant's nursing home on or about November 8, 2004. (*See, Complaint*, ¶ 9). Upon information and belief, the decedent was admitted to our facility with a host of underlying comorbidities including, but not limited to, cerebrovascular disease, dementia, pre-existing decubitus ulcers, diabetes mellitus type II, Schizophrenia, and an inability to care for himself in an independent setting. Upon further information and belief, the decedent was going to remain at our facility indefinitely as there was no reasonable expectation of his health improving to the point where he would be able to care for himself independently. As such, notwithstanding the Plaintiff's deficient pleading, the facts clearly establish that for the purpose of diversity jurisdiction, the decedent was a Maryland resident, living at the Defendant's facility for the foreseeable furture, and this case belongs in state court. Accordingly, the Defendant's Motion to Dismiss should be granted.

  **3.** *Assuming Arguendo That There Was Diversity of Citizenship, Plaintiff's Complaint Must Be Dismissed For Failure To Follow A Mandatory Condition Precedent.*

  Maryland's Health Care Malpractice Claims Act (the "Act"), initiated by the General Assembly in 1976, and most recently supplemented by the Maryland Patients' Access to Quality Health Care Act of 2004, has been the subject of appellate decisions too numerous to cite. While the subject of much litigation, as observed by Judge Chasanow for the Court of Appeals more than a decade ago, "[t]he basic procedures for initiating and maintaining a claim under the Statute are clear and simple." *McCready Memorial Hospital v. Hauser*, 330 Md. 497, 624 A.2d 1249 (1993). For more than two decades, it has been recognized that courts "**will, *sua sponte*, vacate judgment and order an action dismissed where the litigants have not followed the special statutory procedure [required by the Act].**" *Oxtoby v. McGowan*, 294 Md. 83, 91, 447 A.2d 860 (1982) (emphasis added).

  Application of the Act to the facts pled in the case at bar is clear. The Maryland Code, Courts & Judicial Proceedings Article, expressly defines "medical injury" as an injury "arising or resulting from the rendering or failure to render health care." *Md .Code, Cts. & Jud. Proc.* § 3-2A-01(g)(2005). While the Act does not define "health care" per se, it sets forth the list of "health care providers" to whom the Act applies when providing "one or more health care services." *Md. Code, Cts. & Jud. Proc.*, § 3-2A-01 (f)(1). Included in the definition of "health care providers" are "related institutions" as defined by Maryland Code, Health General Article, § 19-301. *Id.*

  Section 19-301 defines "related institutions" as:

  an organized institution, environment, or home that:

> (i) Maintains conditions or facilities and equipment to provide domiciliary, personal, or nursing care for 2 or more unrelated individuals who are dependent on the administrator, operator, or proprietor for nursing care or the subsistence of daily living in a safe, sanitary, and healthful environment; and
> (ii) Admits or retains the individuals for overnight care.  *Md. Code, Health Gen.,* § 19-301(o)(1).

"Domiciliary care" is defined as "services that are provided to aged or disabled individuals in a protective, institutional or home-type environment" including "[p]ersonal surveillance or direction in the activities of daily living." *Md. Code, Health Gen.*, § 19-301(f). Activities of daily living include:

> (1) Bathing, toileting, and personal hygiene;
> (2) Dressing;
> (3) Meal preparation and eating;
> (4) Companionship; and
> (5) Assistance in physical transfer and ambulation.  *Md. Code, Health Gen.*, § 19-4B-01(c).

"Nursing care" means service for a patient that is:

> (1) Ordered by a physician; and
> (2) Provided or supervised by a registered or practical nurse who is licensed to practice in this State. *Md. Code, Health Gen.,* § 19-301(k).

"Personal care" is defined as "a service that an individual normally would perform personally, but for which the individual needs help from another because of advanced age, infirmity, or physical or mental limitation … include[ing].

> (i) Help in walking;
> (ii) Help in getting in and out of bed;
> (iii) Help in bathing;
> (iv) Help in dressing;
> (v) Help in feeding; and
> (vi) General supervision and help in daily living.  *Md. Code, Health Gen.,* § 19-301(n).

As observed by the Maryland Court of Appeals, "the legislature intended to include in the scope of the Act only those claims for damages done to or suffered by a person originating from, in pertinent part, the giving of or failure to give health care." *Cannon v. McKen*, 296 Md. 27, 34, 459 A.2d 196 (1983) (citation omitted). The definitional standards, as well as the interpretive case law, make abundantly clear that the allegations contained within Plaintiff's pending Complaint fall squarely within the parameters of the Act. And, nowhere within the Complaint has the Plaintiff alleged compliance with the Act.

Should Plaintiff assert that compliance with the Act is not required in a federal diversity case, that exact question has already been addressed. Specifically, as observed by Maryland's Court of Appeals when answering certified questions of law from the United States District Court for the District of Maryland, "[c]ompliance with the Health Care Malpractice Claims Act, if applicable, is a prerequisite to bringing a diversity suit in federal court." *Group Health Association, Inc. v. Blumenthal*, 295 Md. 104, 453 A.2d 1198 (1983) (citing *Davison v. Sinai Hospital of Baltimore*, 462 F.Supp. 778 (D.Md. 1978) *aff'd* 617 F.2d 361 (4th Cir. 1980). *See, also, Rowland v. Patterson*, 852 F.2d 108 (4th Cir. 1988). Accordingly, it is undeniable that without having first complied with the Act, even if there were diversity jurisdiction, the Plaintiff's case must nevertheless be dismissed.

### 4. *In Addition To The Aforementioned Defects, Plaintiff's Complaint Fails To Plead A Claim For Punitive Damages.*

In addition to all of the aforementioned defects, the Plaintiff's Complaint fails to adequately plead a claim for punitive damages. It is axiomatic that, under the *Erie* doctrine, the

substantive tort law of the jurisdiction where the wrong allegedly occurred applies. In this case, obviously Maryland law would apply. *See, e.g., Novak, supra*.

In Maryland, punitive damages may only be awarded in cases where a plaintiff has established, by clear and convincing evidence, that the defendant's alleged misconduct "was characterized by evil motive, intent to injure, ill will or fraud, i.e. 'actual malice.'" *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 460, 601 A.2d 633 (1992). In *Scott v. Jenkins*, 345 Md. 21, 690 A.2d 1000 (1997), the Maryland Court of Appeals made clear that a Complaint seeking punitive damages must "allege, in detail, facts that, if proven true, would support the conclusion that the act complained of was done with 'actual malice.'" *Scott*, 345 Md. at 1008. "**Nothing less will suffice**." *Id.* (Emphasis added) (holding Plaintiff's Complaint insufficient to state a claim for punitive damages).

In the case at bar, Plaintiff's claims of negligence simply do not give rise to a claim for punitive damages. *See Carter, supra*, 153 Md. App at 252 (explaining historical perspective supporting punitive damages). *See, also, United States v. Streidel*, 329 Md. 533, 620 A.2d 905 (1993) (punitive damages not available in wrongful death claim); *Cohen v. Rubin*, 55 Md. App. 83, 460 A.2d 1046 (1983) (holding punitive damages not available under Maryland's wrongful death statute). Plaintiff's bald assertion of "reckless, willful and wanton disregard," even if supported by facts, would not be the threshold by which punitive damages may be considered. *Komornik v. Sparks*, 331 Md. 720, 629 A.2d T21 (1993) (rejecting again willful disregard and wanton and reckless conduct as a basis to award punitive damages; drunk driver who intentionally got drunk, not liable for punitive damages arising out of collision resulting from driving while intoxicated, as conduct was not characterized by evil motive, ill will, or intent to injure).

*Zenobia* and its progeny establish that the actual malice standard articulated can only be met in a medical malpractice action by alleging and proving, by clear and convincing evidence, facts that health care providers actually knew of a patient's illness or condition, and, with the requisite *mens rea* failed to treat it, i.e., with intent to injure and with evil motive. The Complaint alleges no such facts. In fact, to the contrary, the Plaintiff's Complaint alleges nothing more than *negligence*. (*See, generally, Complaint*). As the Maryland Court of Appeals has stated, "where the act, although wrongful in itself, is committed in the honest assertion of a supposed right…without any evil or bad intention, there is no ground on which such damages can be awarded." *Wilm. & Balt. Railroad Company v. Hoeflich*, 62 Md. 300, 304 (1884) (cited with approval in *Komornik v. Sparks*, 331 Md. 720, 728, 629 A.2d 721, 725 (1993). Accordingly, Plaintiff's conclusory allegations, without specific facts from which evil motive, ill will, or intent to injure can be inferred, requires that any claims for punitive damages be dismissed.

## CONCLUSION

In sum, Plaintiffs Complaint fails to properly plead diversity jurisdiction and, based upon the facts as known, it is assumed that there is no diversity jurisdiction. Moreover, even if there were diversity jurisdiction, the Plaintiff has failed to comply with a mandatory condition precedent to maintaining the pending action and dismissal is required *sua sponte*. Finally, in addition to these deficiencies which mandate dismissal of her Complaint in its entirety, she has failed to adequately plead fact sufficient to maintain her claim for punitive damages. For all of these reasons, her Complaint should be dismissed or, at minimum, punitive damages stricken.

Respectfully submitted,

WALKER & MURPHY, LLP

/S/

_____
D. Elizabeth Walker, Esq.
John J. Murphy, Esq. MD14407
1700 Rockville Pike, Suite 400
Rockville, Maryland 20852
(301)998-6598
*Attorneys for Defendant Heritage Care*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above Memorandum of Points And Authorities in Support of the Defendant's Motion to Dismiss was filed electronically on all parties of record this 16th day of February, 2007

/S/

_____
John J. Murphy
Walker & Murphy, LLP
1700 Rockville Pike, Suite 400
Rockville, Maryland 20852
(301)998-6598
*Attorneys for Defendant Heritage Care*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CARMAN DICKERSON | : | |
| Plaintiff | : | |
| v. | : | Case No. 1:07CV00177 |
| HERITAGE CARE, INC. | : | |
| Defendant | : | |

## **ORDER**

UPON CONSIDERATION of the Defendant's Motion to Dismiss, and any opposition thereto, it is hereby this _____ day of _____, 2007:

1. ORDERED, that the Defendant's Motion to Dismiss is hereby GRANTED; and

2. The Plaintiff's Complaint is hereby DISMISSED.

_____
JUDGE, U.S. District Court
For The District of Columbia